DURIE TANGRI LLP
JOSHUA H. LERNER (SBN 220755)
jlerner@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Plaintiff
CAMPARI AMERICA LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| CAMPARI AMERICA LLC,<br><br>Plaintiff,<br><br>v.<br><br>EVELYN ROSA RIVERO, Individually and d/b/a CABO WABO GRILL; and FERNANDO ZARATE FLORES, Individually and d/b/a CABO WABO GRILL 2,<br><br>Defendants. | Case No. '16CV2918 BTM AGS<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Campari America LLC ("Plaintiff" or "Campari"), by and through its undersigned counsel, complains and alleges as follows against Defendants Evelyn Rosa Rivero, individually and d/b/a Cabo Wabo Grill, and Fernando Zarate Flores, individually and d/b/a Cabo Wabo Grill 2 (collectively "Defendants"):

## NATURE OF THE ACTION

1. This is an action for trademark infringement. Defendants operate establishments in the San Diego area called "Cabo Wabo Grill" and "Cabo Wabo Grill 2." Plaintiff owns federally-registered rights in the CABO WABO trademark, and Defendants' use of the CABO WABO trademark is likely to cause consumer confusion, leading members of the public to believe that Defendants' establishments are associated with Plaintiff's CABO WABO brand tequila and with the CABO WABO CANTINA restaurants operated under license from Plaintiff. Plaintiff had secured federal trademark registrations for the marks CABO WABO and CABO WABO CANTINA years before Defendants began using the "Cabo Wabo Grill" name.

## PARTIES

2. Plaintiff Campari America LLC is a Delaware Limited Liability Corporation with its principal place of business at 1255 Battery Street, Suite 500, San Francisco, California 94111.

3. On information and belief, Defendant Evelyn Rosa Rivero is an individual residing at 650 Gretchen Road, Chula Vista, CA 91910-6258. Defendant Rivero does business as Cabo Wabo Grill at 2994 Main Street, San Diego, California 92113.

4. On information and belief, Defendant Fernando Zarate Flores is an individual residing at 650 Gretchen Road, Chula Vista, CA 91910-6258. Defendant Flores does business as Cabo Wabo Grill 2 at 831 East 8th Street, National City, California 91950.

## JURISDICTION AND VENUE

5. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and under the common law of the State of California. This Court has subject matter jurisdiction over the federal trademark claims pursuant to 15 U.S.C. §

1121 and 28 U.S.C. §§ 1331, 1338, and 1367. The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

6. This court has personal jurisdiction over Defendants because they reside in this district, and because the causes of action asserted in this Complaint arise out of Defendants' conduct within this district.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because all defendants are residents of California.

## FACTUAL BACKGROUND

### A. Plaintiff's Business and the CABO WABO trademark

8. Plaintiff makes and sells CABO WABO brand tequila, which is available throughout the United States.

9. Plaintiff has licensed the CABO WABO service mark to the operators of restaurants serving Mexican cuisine and serving alcoholic beverages. These CABO WABO CANTINA restaurants are located in Hollywood, California; Las Vegas, Nevada; Cabo San Lucas, Mexico; and in Stateline, Nevada, near Lake Tahoe.

10. Plaintiff, or its predecessors-in-interest, have been using the mark CABO WABO for restaurant and bar services since at least April 22, 1990, with use in the United States since at least April 30, 2004.

11. Plaintiff holds United States Trademark Registration No. 3,282,174 for CABO WABO for "restaurant and bar services." Attached hereto as **Exhibit A** is the registration certificate for United States Trademark Registration No. 3,282,174. The application that led to this registration was filed on November 16, 2006.

12. Plaintiff holds United States Trademark Registration No. 3,066,473 for CABO WABO CANTINA for, among other things, "restaurant and bar services." Attached hereto as **Exhibit B** is the registration certificate for United States Trademark Registration No. 3,066,473. The application that led to this registration was filed on March 28, 2001.

**B. Defendant's Infringing Activities**

13. Defendants offer restaurant and bar services in the San Diego area under the names "Cabo Wabo Grill" and "Cabo Wabo Grill 2," but are not licensed by or otherwise affiliated with Plaintiff.

**1. Cabo Wabo Grill**

14. "Cabo Wabo Grill" is located at 2994 Main Street, San Diego, California 92113.

15. The exterior of "Cabo Wabo Grill" displays the mark CABO WABO, as shown in the photograph below:




16. Defendant Rivero holds California Department of Alcoholic Beverage Control License No. 488,038, stating that she is doing business as "CABO WABO GRILL" at 2994 Main Street, San Diego, California 92113. That license is type "41 - ON-SALE BEER AND WINE - EATING PLACE." A Type 41 license does not permit the licensee to serve distilled spirits, including tequila.

17. The California Department of Alcoholic Beverage Control license for Cabo Wabo Grill was issued to Defendant Rivero on November 29, 2010. On information and

belief, Defendant Rivero began using the name "Cabo Wabo Grill" no earlier than November 29, 2010.

18. On information and belief, Defendant Rivero has entered into one or more agreements with Defendant Flores to engage in the use of the name "Cabo Wabo Grill."

**2. "Cabo Wabo Grill 2"**

19. "Cabo Wabo Grill 2" is located at 831 East 8th Street, National City, California 91950.

20. The exterior of "Cabo Wabo Grill 2" displays the mark CABO WABO, as shown in the photograph below:




21. Defendant Flores holds California Department of Alcoholic Beverage Control License No. 533,272, stating that he is doing business as "CABO WABO GRILL 2" at 831 East 8th Street, National City, California 91950. That license is type "40 - ON-SALE BEER." A Type 40 license does not permit the licensee to serve distilled spirits, including tequila.

22. The California Department of Alcoholic Beverage Control license for Cabo Wabo Grill 2 was issued to Defendant Flores on August 26, 2013. On information and

belief, Defendant Flores began using the name "Cabo Wabo Grill 2" no earlier than August 26, 2013.

23. On information and belief, Defendant Flores has entered into one or more agreements with Defendant Rivero to engage in the use of the name "Cabo Wabo Grill."

**C. Plaintiff's Attempts to Resolve the Dispute in Good Faith**

24. Plaintiff has contacted Defendants in an attempt to resolve this dispute in good faith, so that litigation could be avoided.

25. Most recently, counsel for Plaintiff sent letters to each Defendant via UPS on August 25, 2016. The letter to Defendant Rivero is attached hereto as **Exhibit C.** The letter to Defendant Flores is attached hereto as **Exhibit D**.

26. On information and belief, Defendants received the letters sent by counsel for Plaintiff.

27. Defendants' infringing activity continued after they received notice of Plaintiff's claims.

28. On information and belief, consumers in the San Diego area have been confused or deceived into believing that "Cabo Wabo Grill" and "Cabo Wabo Grill 2" are operated by or otherwise affiliated with Plaintiff.

29. Defendants' infringing activity has impaired Plaintiff's goodwill in the CABO WABO mark.

30. On information and belief, Defendants would be unable to pay substantial damages to Plaintiff if ordered to do so by the Court.

31. Plaintiff would suffer substantial hardship, in the form of impaired goodwill, if Defendants' use of its trademark were allowed to continue.

32. On information and belief, Defendants would not suffer substantial hardship if ordered to cease use of Plaintiff's trademark, at least because that cessation would involve only the replacement of signage and menus at two physical locations, and completion of a small amount of administrative paperwork.

33. The public interest favors the cessation of Defendants' use of the names "Cabo Wabo Grill" and "Cabo Wabo Grill 2," since those names are confusing to consumers and infringe Plaintiff's trademark rights.

**COUNT I**

**(Federal Trademark Infringement)**

34. Plaintiff realleges and incorporates herein the allegations contained in the foregoing paragraphs.

35. The actions of Defendants described above, and specifically without limitation their unauthorized use of the CABO WABO trademark in commerce to advertise, promote, market, and provide restaurant and bar services in this district constitute trademark infringement in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

36. The actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the CABO WABO mark, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

37. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendants through the operation of "Cabo Wabo Grill" and "Cabo Wabo Grill 2," and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT II**

**(Violation of California Unfair Competition Law)**

38. Plaintiff realleges and incorporates herein the allegations contained in the foregoing paragraphs.

39. The actions of Defendants described above, and specifically without limitation their unauthorized use of the CABO WABO trademark in commerce to advertise, promote, market, and provide restaurant and bar services in this district, constitute trademark infringement, false advertising, and unfair competition in violation of the laws of the State of California.

40. By these actions, Defendants have violated the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 and 17500, et seq., and, as a result of those actions, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

41. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

**COUNT III**

**(Civil Conspiracy)**

42. Plaintiff realleges and incorporates herein the allegations contained in the foregoing paragraphs.

43. Defendants entered into a civil conspiracy to use the names "Cabo Wabo Grill" and "Cabo Wabo Grill 2" in violation of the law, and thereby to deprive Plaintiff of the benefit of Plaintiff's goodwill and reputation and the benefits Plaintiff derives from its registered trademark CABO WABO. Defendants have by their conduct unlawfully traded on the goodwill and reputation of Plaintiff and its trademark, damaging Plaintiff by way of lost profits and damage to the goodwill and reputation to the Plaintiff, as well as infringement and dilution of Plaintiff's trademark CABO WABO.

44. Defendants are jointly and severally liable for damages incurred by Plaintiff in an amount to be determined at trial. Defendants are further liable for the costs Plaintiff incurs in the prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and that judgment be entered against Defendants as follows:

a. That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 et seq.; California Business and Professions Code §§ 17200 and 17500 et seq.; specifically, that Defendants and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from using the CABO WABO mark, or any mark confusingly similar to the CABO WABO mark, in connection with the marketing, promotion, advertising, or provision of any restaurant or bar products or services.

b. That the Court order Defendants, and each of them, to file with the Court, within ten days from entry of an injunction, a declaration signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

c. That Defendants be adjudged to unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq.;

d. That Defendants be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, et seq.;

e. That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by Defendants' infringement;

f. That Plaintiff be awarded Defendants' profits derived by reason of said acts;

g. That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

h. That Plaintiff be granted pre-judgment and post-judgment interest;

i. That Plaintiff be granted costs associated with the prosecution of this action; and

j. That Plaintiff be granted such further relief as the Court may deem just.

**JURY DEMAND**

Plaintiff demands a jury trial on all claims so triable.

Dated: November 30, 2016

DURIE TANGRI LLP

By: */s/ Joseph C. Gratz*
JOSEPH C. GRATZ

Attorneys for Plaintiff
CAMPARI AMERICA LLC